## COUNTY COURT—STEUBEN COUNTY,
### May 24, 1911.

## THE PEOPLE v. ORTON GUILE.

INDICTMENT—MOTION TO DISMISS.

An indictment will not be dismissed on affidavits of witnesses as to what they testified to before the Grand Jury.

Motion to dismiss Indictment.

*James O. Sebring* and *W. S. McGreevy* for motion;

*E. C. Smith,* District Attorney and *W. H. Nichols,* opposed.

BURRELL, J.

The Defendant was Indicted on January 5, 1911, on a charge of Rape in the second degree. Was subsequently arraigned and entered a plea of not guilty. The Case was sent to this Court for trial and at the February Term following a motion was made to inspect the Grand Jury Minutes, which motion was denied. The Case has been set for trial at the present term of this Court, and a motion is now made to dismiss the Indictment under Section 312 of the Code of Criminal Procedure on the ground that the Constitutional rights of the Defendant had been invaded by the reception before the Grand Jury of illegal and incompetent evidenct,—

The affidavits read to support this motion allege talks with several of the witnesses who were sworn before the Grand Jury as to what they claim to have testified to before the Grand Jury and that in the opinion of the affiant such evidence if received by the Grand Jury was incompetent and would not tend to corroborate the testimony of the Prosecutrix as to the commis-

sion of the crime charged, and that they believe that the Indict-
ment was found upon insufficient, incompetent and illegal evi-
dence.

The affidavits on information and belief are very unsatis-
factory so far as proving what evidence was actually received
by the Grand Jury. Statements of Witnesses as to what they
have testified to before Grand Juries or did not testify to is
very unsatisfactory as proving what actually took place. Some-
times witnesses, will make statements as to what they testified
to or did not testify to, to interested parties. Which are not in
harmony with the actual testimony given; and such statements
cannot always be relied upon to state the exact facts.

The affidavits are answered by the District Attorney who in
his affidavit states, that there was an abundance of evidence
presented to the Grand Jury in his judgment to support the
Indictment. He states positively that the Prosecutrix was
amply corroborated by statments and admissions made by the
defendant that he had had sexual intercourse with this young
lady, the Prosecutrix,—and of the promise of the Defendant
to marry her and he states that the evidence before the Grand
Jury by several witnesses that the Defendant acknowledged
that he had illicit intercourse with this young lady at or about
the date mentioned in the Indictment.

It seems to me that these affidavits show that this Indictment
was found on competent and ample evidence and there is no
evidence before me that if any incompetent evidence was re-
ceived that it in anywise influenced the Grand Jury in finding
the Indictment.

Sec. 258 of the Code of Criminal Procedure requires the
Grand Jury to find an Indictment when all of the evidence
before them, taken together, is such as in their judgment
would, if unexplained or uncontradicted warrant a conviction
by the trial jury.

As the case stands before me I fail to see how any of the

Constitutional rights of the Defendant have been invaded, and the Indictment seems to have been found on sufficient and ample evidence.

And this motion to dismiss the Indictment must be denied.

Ordered accordingly.